UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CV-80629-EA

BRUNO HENRIQUE DE FREITAS CATAHHO,

Plaintiff,

v.

MILLWORK ENTERPRISES LLC, *et al*,

Defendants.

______________________________________/

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS [ECF No. 7]**

Plaintiff Buno Henrique de Freitas Catahho filed his Complaint alleging violations of the Fair Labor Standards Act ("FLSA"). ECF No. 1. Subsequently, Defendants Millwork Enterprises LLC ("Millwork") and Lia M. Scherba (together, "Defendants") moved to dismiss Counts II, III, and IV of the Complaint. ECF No. 7. Mr. Freitas responded and Defendants replied. ECF Nos. 9, 11. This matter is ripe for decision. Accordingly, I recommend that the Motion be **GRANTED in part** and **DENIED in part** as outlined below.

## I. FACTUAL BACKGROUND

Defendants employed Mr. Freitas, a non-exempt employee, between December 2022 and August 2024. ECF No. 1 ¶¶14, 30. While employed, Mr. Freitas worked approximately 70 hours per week, but was not paid for his overtime hours. *Id.* ¶¶18,

32. Mr. Freitas complained about being underpaid, and was terminated. *Id.* ¶¶52-53.

## II. MOTION TO DISMISS STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted if the plaintiff fails to state a claim for which relief can be granted. According to the federal rules, a claimant must only state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pled factual allegations in the complaint, as well as all attachments thereto, and evaluates all plausible inferences derived from those facts in favor of the Plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a plaintiff need not state in detail the facts upon which he bases his claim, Rule 8(a)(2) "still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n. 3. In other words, a plaintiff's pleading obligation requires "more than labels and conclusions." *Id.* at 555; *see also Pafumi v. Davidson*, No. 05–61679–CIV, 2007 WL 1729969, at *2 (S.D. Fla. June 14, 2007) (J. Cohn).

## III. LEGAL BACKGROUND

The FLSA governs employment standards for employers. *See Blakney v. AIJC Pro. Acad. Servs. Corp.*, No. 25-cv-1517, 2026 U.S. Dist. LEXIS 126285, at *4-6 (M.D. Fla. June 8, 2026). It sets the federally required minimum hourly wage. 29 U.S.C. § 206. As well, it "generally requires employers to pay their employees more for working

over 40 hours per week." *Brown v. Nexus Bus. Sols.*, LLC, 29 F.4th 1315, 1316 (11th Cir. 2022). Under Section 207, overtime compensation of "one and one-half times the [employee's] regular rate" is required for each hour worked in excess of forty hours per week. 29 U.S.C. § 207. When employers do not properly pay an employee, the employee may file suit.

"Generally, to state a claim for failure to pay minimum or overtime wages under the FLSA, a plaintiff must demonstrate that: (i) [ ]he is employed by the defendant; (ii) the defendant engaged in interstate commerce; and (iii) the defendant failed to pay minimum or overtime wages." *George v. Deluca*, No. 25-61531, 2026 U.S. Dist. LEXIS 99013, at *7 (S.D. Fla. May 4, 2026) (citing *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.,* 494 F. App'x 940, 942 (11th Cir. 2012)).

For the FLSA, an "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). Notably, "[a]n entity 'employs' a person under the FLSA if it 'suffer[s] or permit[s]' the individual to work." *Layton v. DHL Express (USA), Inc.*, 686 F.3d 1172, 1175 (11th Cir. 2012) (citation omitted). As it relates to liability, "[A] corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable . . . for unpaid wages." *Chavez v. Am. Coach Lines of Mia.*, No. 10-21687, 2010 U.S. Dist. LEXIS 162640, at *4 (S.D. Fla. Aug. 19, 2010) (alteration in original) (quoting *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)). To determine whether an individual is employed, the court asks whether: "if, as a matter of economic reality, the individual is dependent on the

entity." *Layton,* 686 F.3d at 1175 (quoting *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996)).

Additionally, the FLSA "makes it unlawful for an employer to 'in any other manner discriminate against any employee because such employee has filed any complaint.'" *Smith v. Haynes & Haynes P.C.*, 940 F.3d 635, 648 (11th Cir. 2019) (quoting 29 U.S.C. § 215(a)(3)). The elements of retaliation under the FLSA are: "(1) [ ]he engaged in activity protected under [the] act; (2) [ ]he subsequently suffered adverse action by the employer; and (3) a causal connection existed between [his] activity and the adverse action." *Id.* (quoting *Wolf v. Coca-Cola*, 200 F.3d 1337, 1342-43 (11th Cir. 2000)). As it relates to plausibly pleading a causal connection, the plaintiff must show that he "would not have been fired but for [his] assertion of FLSA rights." *Raspanti v. Four Amigos Travel, Inc.,* 266 F. App'x 820, 823 (11th Cir. 2008) (quoting *Wolf*, 200 F.3d at 1343). A very "close temporal proximity" between the employer learning of the protected activity and the employee's termination satisfies the burden. *Id.* (citing *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007)).

## IV. ANALYSIS

Mr. Freitas brings four counts: Counts I and II for violations of the overtime provisions of the FLSA against Millwork and Ms. Scherba, respectively; and Counts III and IV for retaliation under the FLSA against Millwork and Ms. Scherba, respectively. ECF No. 1. Defendants move to dismiss Counts II, III, and IV. ECF No. 7.

A. *Violation of FLSA Overtime Provisions Against Ms. Scherba (Count II)*

Defendants argue Count II should be dismissed because the Complaint does not contain enough facts to plausibly allege that Ms. Scherba is Mr. Freitas's employer under the FLSA. ECF No. 7 at 3-4. While paragraphs 13, 19, and 41 appear to plead the required facts, they consist of "boilerplate allegations." *Id.* at 3. Mr. Freitas responds that he pleads Ms. Scherba "exercised operational control over material aspects of the enterprise and employment relationship." ECF No. 9 at 3.

"To establish a claim for individual liability, a plaintiff must show that the individual defendant is 'involved in the day-to- day operation or ha[s] some direct responsibility for the supervision of the employee.'" *Chavez*, 2010 U.S. Dist. LEXIS 162640, at *4 (alternation in original) (quoting *Patel*, 803 F.2d at 637-38).

Here, the Complaint pleads that Ms. Scherba "is/was an officer/director of Millwork;" Mr. Freitas worked for Ms. Scherba, she had "day-to-day and operational control" of him as well as "his compensation structure;" and she failed to compensate him. ECF No. 1 at 2-4, 6.

But, these statements are conclusory statements without factual support. Without facts, these statements do not plausibly plead that Ms. Scherba has individual liability under the FLSA. *See Chavez*, 2010 U.S. Dist. LEXIS 162640, at *4-5 (holding that "mere 'formulaic recitation[s] of elements of a cause of action'" is insufficient to survive a motion to dismiss where the plaintiff "fail[ed] to allege any supporting facts describing the nature of [the defendant's] position or the manner in which [the defendant] exerted control over the [employee's] day-to-day operations").

Therefore, the Motion for Count II should be GRANTED because the Complaint does not plausibly plead facts to support Ms. Scherba was Mr. Freitas's employer.

B. *Retaliation Against Millwork (Count III)*

Defendants say Count III should be dismissed because the Complaint does not plausibly plead causation. ECF No. 7 at 4-5. More specifically, it "does not provide any facts that could connect" Mr. Freitas's termination and his complaints to unpaid overtime. *Id.* at 5. Mr. Freitas responds that he has plausibly pled causation and Defendants "mischaracterize[ ] both the pleading and the governing standard." ECF No. 9 at 4-5.

Here, the Complaint says, "Plaintiff engaged in statutorily protected activity when he complained of Defendants' failure to pay the required time and one half for overtime hours worked in violation of the FLSA" and "Plaintiff subsequently suffered an adverse employment action when he was terminated by Defendants in retaliation for his lawful complaints." ECF No. 1 at 7.

Based on this information, I find the Complaint plausibly pleads there is causation between the complaint and Mr. Freitas's termination. While the Complaint does not state when Mr. Freitas was fired after his complaint, it says that he was *subsequently* terminated. At the motion to dismiss stage, all inferences are taken in the light most favorable to the plaintiff. Accordingly, the motion to dismiss Count III should be DENIED because an inference of a very short period of time between the two actions must be made.

C. *Retaliation Against Ms. Scherba (Count IV)*

Defendants argue Count IV should be dismissed because (1) the Complaint "fails to allege any actual facts specific to [Ms.] Scherba, connecting her to the boilerplate allegations concerning her status as an Employer under the FLSA" and (2) the Complaint does not plausibly plead causation. ECF No. 7 at 4-5. Mr. Freitas generally responds that the Complaint plausibly pleads both requirements. ECF No. 9.

1. Employer Status

Count IV incorporates the first twenty-four paragraphs of the Complaint. ECF No. 1 at 8. In relevant part, paragraph four pleads that Ms. Scherba "is/was an officer/director of Millwork." ECF No. 1 at ¶4. It also says that she "has economic day-to-day control of Millwork, and of the nature and structure of Freitas's employment relationship with Millwork." *Id.* ¶¶13, 19. However, once again, the Complaint fails to incorporate, and does not separately plead facts to support, this conclusion. *Smith v. Ocwen Fin.*, 488 F. App'x 426, 427 (11th Cir. 2012) (per curiam) ("a complaint that offers 'a formulaic recitation of the elements of a cause of action will not do,' and mere conclusory statements in support of a threadbare recital of the elements of a cause of action will not suffice."). In fact, the Complaint does not plead anything further about Ms. Scherba's status as Mr. Freitas's employer. *See* ECF No. 1 at 1-4, 8.

As a result, without further information, the Motion should be GRANTED for Count IV because the Complaint fails to plead anything more than conclusions that Ms. Scherba employs Mr. Freitas.

2. Causation

As it relates to the causation argument, the Complaint pleads that "Freitas engaged in statutorily protected activity when he complained of Defendants [sic] failure to pay the required time and one half for overtime hours worked in violation of the FLSA" and "[Mr.] Freitas subsequently suffered an adverse employment action when he was terminated by Defendants [sic] in retaliation for his lawful complaints." ECF No. 1 at 8.

Taking all inferences in the light most favorable to Mr. Freitas, for the same reasons previously noted, I find the Complaint plausibly pleads causation. While the Complaint does not provide a detailed chronology of the times and dates of Mr. Freitas's complaint and termination, it says that he was terminated *after* his complaint. At the motion to dismiss stage, these facts are enough to plausibly plead a claim for relief when taken in the light most favorable to the plaintiff. Accordingly, the Motion should be DENIED for Count IV.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court GRANT in part and DENY in part the Motion.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Ed Artau, United States District Judge for the

Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 14th day of August 2026.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE